People v Winter (2018 NY Slip Op 01946)





People v Winter


2018 NY Slip Op 01946


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2014-11430
 (Ind. No. 11332/01)

[*1]The People of the State of New York, respondent,
v
Jermaine Winter, appellant.


Paul Skip Laisure, New York, NY (Patricia Pazner of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Jonathan K. Yi of counsel), for respondent.
Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Marcia P. Hirsch, J.), dated November 6, 2014, which denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Douglas Wong, J.) rendered May 9, 2002, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, on the ground that he was denied the effective assistance of counsel and due process.



DECISION & ORDER
Motion by the respondent, inter alia, to dismiss the appeal on the ground that the appellant has been deported and is no longer available to obey the mandate of the court. By decision and order on motion of this Court dated June 7, 2017, that branch of the motion was held in abeyance and referred to the panel of justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which is to dismiss the appeal is granted and the appeal is dismissed, without costs or disbursements, without prejudice to a motion to reinstate the appeal should the defendant return to this Court's jurisdiction.
The defendant was born in Jamaica and came to the United States at the age of two as a legal permanent resident. In 2001, at the age of 19, the defendant was arrested and charged with attempted criminal sale of a controlled substance in the third degree. In March 2002, he pleaded guilty to attempted criminal sale of a controlled substance in the third degree, and on May 9, 2002, he was sentenced, as promised at the time that he entered his plea, to a period of five years of probation. In May 2013, the United States Department of Homeland Security commenced deportation proceedings against the defendant based upon his 2002 conviction in New York and a 2009 conviction in Pennsylvania. In August 2014, the defendant moved to vacate his New York conviction, alleging that he was denied the effective assistance of counsel because he was never advised of the deportation consequences of his plea and that he was denied due process because the court never advised him that his plea could lead to his deportation.
By order dated November 6, 2014, the Supreme Court denied the motion without a hearing, holding that the defendant was not denied the effective assistance of counsel because there was no affirmative misadvice and because the defendant could not demonstrate any prejudice. The court also held that the defendant's due process claim was improperly raised in a CPL 440.10 motion because it appeared on the face of the record and was thus subject to direct appeal. On May 14, 2015, this Court granted the defendant leave to appeal from the November 6, 2014, order. After the defendant filed his appellant's brief, the People moved to dismiss the appeal on the ground that the defendant was no longer available to obey the mandate of the Court, as he had been deported to Jamaica.
In People v Harrison (27 NY3d 281), the Court of Appeals reaffirmed its ruling that an intermediate appellate court retains its discretion to dismiss a pending permissive appeal due to a defendant's involuntary deportation. Here, if the order were reversed, the defendant would be required to attend and participate in further proceedings in the Supreme Court, which he can no longer do. Accordingly, the People's motion is granted and the appeal is dismissed, without prejudice to a motion to reinstate the appeal should the defendant return to this Court's jurisdiction (see People v Harrison, 27 NY3d at 288-290).
RIVERA, J.P., COHEN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court